**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WARREN JENTIS,

    Plaintiff,

v.

STATE OF NEW JERSEY, *et al.*,

    Defendants.

Civil Action No. 18-09467 (ZNQ)

**OPINION**

**QURAISHI, District Judge**:

  This action arises out of allegations that Defendants, the State of New Jersey ("State"), the New Jersey Department of Labor Board of Review ("NJDOL Board of Review"), the Division of Child Protection and Permanency ("DCPP"), and several individuals (collectively, "Defendants"),[1] improperly denied Plaintiff Warren Jentis ("Plaintiff"), unemployment benefits and retaliated against him.  Currently pending before the Court is a motion by Defendants to dismiss Plaintiff's Amended Complaint, which asserts three causes of action: (1) neglect of duty and breach of fiduciary duty pursuant to 29 U.S.C. § 1109, (2) gross negligence, and (3) harassment and retaliation pursuant to 42 U.S.C. § 12203. For the reasons set forth below, the motion is **GRANTED.**

---

[1] The individual defendants include Denise Dusko ("Dusko"), Gerald Yarbrough ("Yarbrough"), Joan Futterman ("Futterman"), April Morgan ("Morgan"), and Jennifer Vargas ("Vargas") (collectively, the "Individual Defendants").

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

In 2006, Plaintiff filed a claim for unemployment benefits.  (*Id.* at ¶ 4).  In response, the NJDOL Appeal Tribunal found that Plaintiff was ineligible for such benefits.  On March 18, 2015, however, the NJDOL Board of Review disagreed with the Opinion of the Appeal Tribunal, and it found that Plaintiff was entitled to his claim dated October 29, 2006 ("March 18th Decision"). (Am. Compl., Ex. A).  The NJDOL Board of Review remanded the matter to the Deputy Director of the Division of Unemployment and Disability Insurance to determine the monetary calculation of benefits and whether Plaintiff was able, available, and actively seeking work.  (Am. Compl., ¶ 5).

According to Plaintiff, the State has not issued a monetary calculation of benefits since the March 18th Decision.  (*Id.* at ¶ 6).  Plaintiff alleges that "[e]very action and effort that Plaintiff has made in the state court process to effectuate a decision as to the previously ordered monetary calculation of his claim has been met with resistance, avoidance, and undue delay."  (*Id.* at ¶ 8). Specifically, Plaintiff claims that Defendant Denise Dusko, Assistant Director of Unemployment Operations, had a "legal and fiduciary duty" to "facilitat[e] his monetary calculation of the unemployment claim" but "neglected her duty" to do so.  (*Id.* at ¶¶ 9-10). According to Plaintiff, despite "many attempted follow-ups with her office, and despite the Appellate Court of the State of New Jersey setting a plethora of deadlines for the monetary calculation to be accomplished, no

---

[2]  The factual background is taken from Plaintiff's Amended Complaint, *see* ECF No. 10 ("Am. Compl."), including the exhibit attached thereto. In this case, the exhibit considered for purposes of the factual background is the decision of the New Jersey Department of Labor's ("NJDOL") Board of Review modifying the decision of the New Jersey Department of Labor's Appeal Tribunal. (Am. Compl., Ex. A). When reviewing a motion to dismiss for failure to state a claim, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  A court may also consider any document integral to or relied upon in the complaint and take judicial notice of matters of public record, such as court orders and docket entries. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Khan v. Borough of Englewood Cliffs*, No. 12-7837, 2014 WL 295069, at *3 (D.N.J. Jan. 27, 2014) (citation omitted).

monetary calculation or hearing ever took place." (*Id.* at ¶ 10). Plaintiff further alleges that Defendants Gerald Yarborough and Joan Futterman, members of the NJDOL Board of Review and the authors of the March 18th Decision, did not do "anything in furtherance of decision and neglected their duties accordingly." (*Id.* at ¶ 11).

In addition, Plaintiff alleges that during the course of his unemployment benefits dispute with the State, he was a party to multiple complaints before the DCPP involving his children. (*Id.* at ¶ 13). In that regard, Plaintiff claims that he was "the subject of immense harassment" in "retaliation for his long-running civil litigation against the State of New Jersey," and the cases "dragged on for multiple years despite no findings of abuse or neglect against Plaintiff." (*Id.* at ¶¶ 16-18). According to Plaintiff, April Morgan, one of the DCPP caseworkers assigned to his DCPP case, "acted beyond the scope of her duty to harass Plaintiff through a course of conduct that included meetings with Plaintiff's daughter wherein Plaintiff's minor daughter was encouraged to say things that she never said." (*Id.* at ¶ 14). As for Jennifer Vargas, another DCPP caseworker assigned to Plaintiff's DCPP case, he alleges that she "escalated the harassment of Plaintiff by actually filing 2C Criminal harassment charges against him in the Newark Municipal Court via a civilian complaint." (*Id.* at ¶ 15). According to Plaintiff, the "mere filing of a civilian criminal complaint against Plaintiff, a subject of Defendant's investigation, shows that he was being treated differently than the vast majority of other subjects of DCPP complaints," and as such, Ms. Vargas' conduct was "not in the normal course of business for a DCPP caseworker." (*Id.*)

On May 21, 2018, Plaintiff commenced this lawsuit, and five months later, he filed an Amended Complaint asserting three causes of action: (1) neglect of duty and breach of fiduciary duty pursuant to 29 U.S.C. § 1109, (2) gross negligence, and (3) harassment and retaliation pursuant to 42 U.S.C. § 12203. (*See*, *e.g.*, Am. Compl.). On June 17, 2021, Defendants filed the

instant motion, arguing that Plaintiff's claims should be dismissed for several reasons.  (ECF No. 52 ("Defs. Mov. Br.")).  Defendants submit that the Amended Complaint should be dismissed based on state sovereign immunity under the Eleventh Amendment, failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), and to the extent that Plaintiff alleges tort claims, those claims are barred pursuant to the New Jersey Tort Claims Act.  On July 6, 2021, Plaintiff filed opposition. (ECF No. 57 ("Pl. Opp.")).

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.  *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (internal quotation marks and citation omitted).  A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Id.*  Here, Defendants assert the defense of sovereign immunity under the Eleventh Amendment based on the pleadings, thereby raising a facial attack.  *See Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015) ("[T]he State Defendants' motion asserts the defense of sovereign immunity based on the facts as pleaded in the Second Amended Complaint and is thus a facial attack.").  Accordingly, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss.  *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

### B.      Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *Haney v. USA Gymnastics, Inc.*, No. 21-07213, 2022 WL 909871, at *2 (D.N.J. Mar. 29, 2022). When reviewing a motion to dismiss for failure to state a claim, courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

## III.   <u>DISCUSSION</u>

As a threshold matter, the Court addresses Defendants' argument that Plaintiff's claims are barred by the Eleventh Amendment.  (Defs. Mov. Br., 6-9.)  The Eleventh Amendment affords states and state agencies immunity from suits brought by citizens in federal court.  *MCI Telecom. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503–04 (3d Cir. 2001); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  It bars a suit against state officials when the State is the real, substantial party in interest, regardless of whether the suit seeks damages or injunctive relief.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 89 (1984).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in original).  "[S]tate law claims—including state constitutional claims—against the State regardless [of] the type of relief it seeks," are similarly barred by the Eleventh Amendment.  *King v. Christie*, 981 F. Supp. 2d 296, 310 n.12 (D.N.J. 2013) (citing *Pennhurst*, 465 U.S. at 99-100).  Such immunity is subject to three primary exceptions, however, which limit the scope of the Eleventh Amendment: (1) congressional abrogation; (2) waiver by the state; and (3) suits against individual state officers for prospective injunctive relief and declaratory relief.  *MCI*, 271 F.3d at 503.

### A.     The State of New Jersey, NJDOL Board of Review, and DCPP

Here, the State of New Jersey, NJDOL Board of Review, and DCPP are protected by the Eleventh Amendment.  First, Defendants argue, and Plaintiff does not dispute, that the State of New Jersey is immune from the instant suit under the Eleventh Amendment.  Indeed, Plaintiff provides no opposition to Defendants' argument that the State of New Jersey has not consented to suit, nor waived its Eleventh Amendment immunity in this instance.  Thus, consistent with prior

precedent and given that Plaintiff has not pled reasons why the State of New Jersey's immunity should be abrogated, the Court finds the claims against the State should be dismissed without prejudice. *Garcia v. Richard Stockton College of New Jersey*, 210 F. Supp. 2d 545, 549 (D.N.J. 2002); *cf. Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (state waives liability if it removes to federal court); *see also Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) (noting that because dismissal of claims for lack of subject matter jurisdiction is not an adjudication on the merits, those claims are dismissed without prejudice).

Second, it is well established that the NJDOL Board of Review and DCPP are also entitled to Eleventh Amendment immunity as arms of the State of New Jersey. To determine whether a suit against a state entity is a suit against the state, the Court considers the following factors: (1) whether the money that would pay the judgment would come from the state, (2) the status of the agency under state law, and (3) the agency's degree of autonomy. *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989). Applying those factors here, the NJDOL Board of Review and the DCPP are arms of the state, and the State of New Jersey is clearly the real party in interest. With respect to the NJDOL Board of Review, the NJDOL is a principal department of the state's executive branch, and therefore, it is "clearly a department of State government[.]" *Bhatt v. Comm'r of NJDOL*, No. 16-5654, 2018 WL 623667, at *5 (D.N.J. Jan. 30, 2018); *see also Custin v. Wirths*, No. 12-910, 2016 WL 1157644, at *3 (D.N.J. Mar. 22, 2016) (dismissing complaint against NJDOL, as it is immune from suit under the Eleventh Amendment), *aff'd*, 850 F. App'x 147 (3d Cir. 2021). Similarly, the Department of Children and Families ("DCF") is a "principal department" that was "established in the Executive Branch of the State Government," N.J. Stat. Ann. § 9:3A-3, and DCPP is New Jersey's child protection and welfare agency within DCF. N.J. Stat. Ann. § 9:3A-9. Like other courts in this District, this Court finds

that DCCP is an arm of the state for purposes of the sovereign immunity analysis.  *See*, *e.g.*, *Sweet-Springs v. Dep't of Children & Families*, No. 12-706, 2013 WL 3043644, at *5 (D.N.J. June 17, 2013) ("Courts in this district have long held that DCF and DYFS are, beyond dispute, arms of the state for sovereign immunity purposes... the State of New Jersey is the real party-in-interest."); *Howard v. New Jersey Div. of Youth & Fam. Servs.*, 398 F. App'x 807, 812 (3d Cir. 2010) (dismissing damages and attorney fees claims against the New Jersey Division of Youth and Family Services—now DCPP—because the agency was "immune from suit under the Eleventh Amendment"); *Wilson v. New Jersey Div. of Child Prot. & Permanency*, No. 13-3346, 2019 WL 13260178, at *16 (D.N.J. Aug. 23, 2019); *Doe v. Div. of Youth & Family Servs.*, 148 F. Supp. 2d 462, 491 (D.N.J. 2001); *Simmerman v. Corino*, 804 F. Supp. 644, 650 (D.N.J. 1992), *aff'd*, 16 F.3d 405 (3d Cir. 1993).  Accordingly, because the Court finds that NJDOL Board of Review and DCPP are entitled to Eleventh Amendment immunity, it further finds that it lacks subject matter jurisdiction as to Plaintiff's claims against them.  *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citation omitted).  Accordingly, Plaintiff's claims against the NJDOL Board of Review and DCPP, are dismissed without prejudice.[3]

### B.    The Individual Defendants

Finally, the Court turns to the Individual Defendants. According to Defendants, individual state employees sued in their official capacities are also immune from claims for damages by the Eleventh Amendment.  (Defs. Mov. Br., 9-10.)  Further, Defendants contend that to the extent that

---

[3]  To the extent that Plaintiff argues the NJDOL Board of Review and DCPP should survive Defendants' challenge under the Eleventh Amendment because both entities are "not entirely funded by the state" and any damages awarded in this action would be "covered by insurance policies" as opposed to the State Treasury, the Court finds those arguments unpersuasive.  (Pl. Opp., 2.)  Indeed, Plaintiff provides no further explanation or context for these statements, nor does Plaintiff provide any case law to support either proposition.

the Plaintiff is suing the Individual Defendants in their individual capacities, they are entitled to qualified immunity because the alleged conduct does not violate clearly established statutory or constitutional rights.  (*Id.* at 10-12.)  In response, Plaintiff contends that Defendants' argument fails because the Amended Complaint alleges conduct by the Individual Defendants "beyond the scope [of their] employment."  (Pl. Opp., 3.)

It is undisputed that "[i]ndividual state employees sued in their official capacity are ... entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state."  *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).  However, "[s]ince the Supreme Court's decision in *Ex Parte Young* ... it has been hornbook law that a state official sued in his individual capacity does not enjoy the protections of the Eleventh Amendment." *Csizmadia v. Fauver*, 746 F. Supp. 483, 488 (D.N.J. 1990) (internal citation omitted).  This is because "[i]n personal capacity suits, a plaintiff seeks to impose personal liability upon an individual officer and recover from the personal assets of that officer."  *Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005); *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21, (1991) ("[W]here the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment.").

Courts in the Third Circuit look to the complaint and the "course of proceedings" to determine whether a state official is being sued in their individual capacity, official capacity, or both.[4]  *Melo*, 912 F.2d at 635.  In *Melo*, the Third Circuit concluded that a Pennsylvania state official was being sued in her personal capacity because the complaint named only the official, not

---

[4] The Court notes that neither party substantively discusses the *Melo* considerations in their briefing.

the state, as a defendant in the matter and sought damages only from the official. *Id.* at 636. The court also noted that official herself seemed to believe that she had been sued in her personal capacity as she had asserted a qualified immunity defense—a defense not available in official-capacity suits. *Id.* In addition to these *Melo* factors, the Third Circuit has also considered the fact that a plaintiff seeks punitive damages to be relevant to the capacity inquiry since "[p]unitive damages cannot be recovered from defendants in their official capacities." *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988).

Here, it is unclear whether the Individual Defendants are being sued in their personal capacity, official capacity, or both. Indeed, the Amended Complaint contains no express reference to "capacity" as it relates to any of the Individual Defendants. Further, unlike in *Melo*, Plaintiff asserted claims against two state agencies, NJDOL Board of Review and DCPP, in addition to the Individual Defendants, and he appears to seek damages from Defendants, collectively. This would seem to suggest that the Individual Defendants are being sued in their official capacities. That said, however, Plaintiff also seeks punitive damages, suggesting that Plaintiff intended to file suit against the Individual Defendants in their personal capacities. Lastly, Plaintiff's opposition to Defendants' motion to dismiss provides even less clarity. There, Plaintiff emphasizes the Amended Complaint's allegations that Ms. Morgan and Ms. Vargas acted "beyond the scope of [their] employment," which appears to imply that he is suing those individuals in their personal capacities. (Pl. Opp., 3.) Contrastingly, Plaintiff's opposition makes no mention of his claims against Ms. Dusko, Mr. Yarbrough, or Ms. Futterman.

The Third Circuit has "instructed district courts to provide a plaintiff leave to amend where it is not clear from the complaint whether a state official is being sued in their individual or official capacity, but the plaintiff has voiced her intent to bring an individual-capacity suit." *Day v. New*

10

*Jersey Dep't of Corr.*, No. 21-09986, 2022 WL 170855, at *5 (D.N.J. Jan. 19, 2022) (citing *Melo*, 912 F.2d at 636) ("[O]nce plaintiffs explained in the district court that they sued [official] for damages in her individual capacity, they should have been given leave to amend to so assert with specificity, if there was any remaining ambiguity about that issue."); *see also Graves v. Lanigan*, No. 13-7591, 2016 WL 1242766, at *4 (D.N.J. Mar. 29, 2016) ("Since it appears that Plaintiff did intend to sue the Correction Officer Defendants in their individual capacities, the Court believes it is prudent to require Plaintiff to specify in what capacity the Correction Officers Defendants are being sued."). Accordingly, because the Court, and Defendants, lack clarity as to Plaintiff's claims against the Individual Defendants, Defendants' motion to dismiss is granted as to Ms. Dusko, Mr. Yarbrough, Ms. Futterman, Ms. Morgan, and Ms. Vargas. Plaintiff's claims against those defendants are dismissed without prejudice, and the Court provides him thirty days to amend his Complaint consistent with the guidance provided in this Opinion.[5]

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. Specifically, Plaintiff's claims against the State of New Jersey, NJDOL Board of Review, and DCPP are dismissed without prejudice based on Eleventh Amendment immunity, while Plaintiff's claims against the Individual Defendants are dismissed without prejudice for failure to state a claim. As to the Individual Defendants, because it is unclear whether Plaintiff sues them in their

---

[5] Until the Court determines whether it has jurisdiction over Plaintiff's claims under the Eleventh Amendment, it declines to consider Defendants' arguments that the Amended Complaint fails to state a claim for relief and that Plaintiff failed to comply with the notice provision of the New Jersey Tort Claims Act. Should Plaintiff elect to file a Second Amended Complaint, the Court encourages him to consider including allegations explaining how his claims fall within the scope of the two statutes identified in the Amended Complaint: 29 U.S.C. § 1109 (which pertains to ERISA benefit plans) and 42 U.S.C. § 12203 (the Americans with Disabilities Act).

personal capacity, official capacity, or both, Plaintiff is given leave to amend his Complaint within

30 days from the date of the accompanying Order consistent with this Opinion.


Dated: March 20, 2023                               *s/ Zahid N. Quraishi*
                                                    Zahid N. Quraishi
                                                    United States District Judge