**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**WARREN JENTIS**,

                Plaintiff,

v.

**STATE OF NEW JERSEY**, *et al.*,

                Defendants.

Civil Action No. 18-9467 (ZNQ) (JBD)

**OPINION**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendants the State of New Jersey ("State"), the New Jersey Department of Labor Board of Review ("NJDOL Board of Review"), the Division of Child Protection and Permanency ("DCPP"), the Department of Labor and Workplace Development ("DLWD"), and the Division of Unemployment Insurance ("DUI") (collectively, the "State Defendants"), and several individuals ("Individual Defendants").[1]  ("Motion to Dismiss", ECF No. 80.)  Before the Court is also a Motion for Leave to File Third Amended & Supplemental Complaint filed by Plaintiff Warren Jentis.  ("Motion to Amend", ECF No. 84.)

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth below, Defendants' Motion to Dismiss will be GRANTED and Plaintiff's Motion to Amend will be GRANTED.

---

[1] The individual defendants include Denise Dusko ("Dusko"), Gerald Yarbrough ("Yarbrough"), Joan Futterman ("Futterman"), April Morgan ("Morgan"), and Jennifer Vargas ("Vargas").

I.      **BACKGROUND AND PROCEDURAL HISTORY**[2]

For the purposes of this Motion to Dismiss, the Court "accept[s] as true all factual allegations in the [Second Amended Complaint and Third Amended Complaint] and draw[s] all inferences from the facts alleged in the light most favorable to [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). The factual background of this dispute is explained in this Court's Opinion dated March 20, 2023 (the "March 2023 Opinion") which the Court incorporates by reference. *Jentis v. New Jersey*, Civ. No. 18-09467, 2023 WL 2570217 (D.N.J. Mar. 20, 2023). The relevant procedural history is summarized as follows.

Plaintiff's Amended Complaint asserted the following three causes of action against the State, NJDOL Board of Review, DCPP, and the Individual Defendants: (1) neglect of duty and breach of fiduciary duty pursuant to 29 U.S.C. § 1109, (2) gross negligence, and (3) harassment and retaliation pursuant to 42 U.S.C. § 12203, the Americans with Disabilities Act ("ADA"). In an Order accompanying the March 2023 Opinion, the Court dismissed Plaintiff's Amended Complaint pursuant to a motion to dismiss filed by Defendants. (ECF No. 76 at 1.) Specifically, the Court dismissed Plaintiff's claims against the State, NJDOL Board of Review, and DCPP without prejudice based on Eleventh Amendment immunity and the Court dismissed the claims against the Individual Defendants for failure to state a claim. (*Id.*) Notably, Plaintiff was granted leave to amend the Amended Complaint *only* as to the Individual Defendants to clarify whether Plaintiff sues the Individual Defendants in their personal capacity, official capacity, or both. (*Id.* at 2.)

---

[2] On a motion to amend, the Court analyzes the futility of a proposed amendment in the same manner as it would a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In ruling on a motion to dismiss, the Court accepts as true all well-pled factual allegations in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

On April 20, 2023, Plaintiff filed the Second Amended Complaint. ("SAC", ECF No. 77.) The SAC is essentially identical to the Amended Complaint, with the exception of the following three updates. First, Plaintiff added two new defendants: the Department of Labor and Workplace Development ("DLWD") and the Division of Unemployment Insurance ("DUI"). (*Id.* ¶ 1.) Second, Plaintiff specified that only Individual Defendants April Morgan and Jennifer Vargas are sued in both their official and individual capacities; the remaining Individual Defendants are sued in their official capacity only. (*Id.*) Third, the SAC abandons the causes of action from the Amended Complaint and now asserts several new causes of action, including a violation of 18 USC § 1961 ("RICO Act") and violations of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. (*Id.* at 8.)[3]

On May 18, 2023, Defendants filed the present Motion to Dismiss the SAC. ("MTD Moving Br.", ECF No. 80.) Plaintiff did not file an Opposition to the Motion to Dismiss. Rather, on July 24, 2023, Plaintiff filed the Motion to Amend and attached a proposed Third Amended Complaint ("TAC") to the Motion to Amend. (ECF No. 84-1.) Defendants filed an Opposition to the Motion to Amend. ("MTA Opp. Br.", ECF No. 88.) In a letter dated September 20, 2023, Plaintiff asked the Court "that the Motion to Amend be accepted as opposition to the Motion to Dismiss." (ECF No. 89.)

## II. LEGAL STANDARD

### A. RULE 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed. *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa.

---

[3] The SAC and TAC retain consistent numbered paragraphs until Plaintiff identifies the causes of action on page 8 of each complaint. Accordingly, when the Court refers to Plaintiff's causes of action in the SAC and TAC, the Court cites to the page number of the respective pleading.

2015) (internal quotation marks and citation omitted).  A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Id.*  Here, Defendants assert the defenses of sovereign immunity under the Eleventh Amendment and qualified immunity based on the pleadings, thereby raising a facial attack.  *See Perez v. New Jersey*, Civ. No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015) ("[T]he State Defendants' motion asserts the defense of sovereign immunity based on the facts as pleaded in the Second Amended Complaint and is thus a facial attack.").  Accordingly, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss.  *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, Civ. No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

      B.      **RULE 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6).  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation

omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.  DISCUSSION[4]

#### A.  MOTION TO AMEND THE COMPLAINT

As a preliminary matter, the Court first addresses Plaintiff's Motion to Amend the Complaint. In relevant part, Rule 15 authorizes a party to amend its pleadings "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Courts have discretion when deciding motions to amend and can deny a movant's request because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. "[T]he futility of amendment may only serve as a basis for denial of leave to amend where

---

[4] The Court incorporates its discussion from its May 2023 Opinion here by reference. *Jentis*, 2023 WL 2570217 (D.N.J. Mar. 20, 2023).

5

'the proposed amendment is frivolous or advances a claim that is legally insufficient on its face.'" *Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) (quoting *Harrison Beverage Co. v. Dribeck lmps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). "The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

Here, Defendants oppose the Motion to Amend solely on the basis of futility. (*See generally* MTA Opp.) Accordingly, the issue before the Court is confined to whether the claims of the Second and Third Amended Complaints are legally sufficient on their face. In the interests of justice and judicial economy, the Court will therefore exercise its discretion to GRANT the Motion to Amend and will consider Defendants' arguments for dismissal/futility against the claims of the Third Amended Complaint.

### B.  MOTION TO DISMISS

Having granted the Motion to Amend, the Court clarifies that the operative pleading in this matter is the TAC. As such, before addressing Defendants' arguments for dismissal/futility, the Court first identifies Plaintiff's amendments in the TAC since the Court's March 2023 Opinion and Order. First, the TAC contains two new State Defendants: DLWD and DUI. (TAC ¶ 1.) Second, the TAC clarifies that only Individual Defendants April Morgan and Jennifer Vargas are sued in both their official and individual capacities; the remaining Individual Defendants are sued in their official capacity only. (*Id*.) Third, the TAC lists the following counts[5]: Count I, neglect of duty in violation of the RICO Act and in violation of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution; Count II, gross negligence; Count III, retaliation and harassment in violation of the ADA; Count IV, deprivation of civil rights in violation of 42 U.S.C. § 1983; and Count V, due process and equal protection violations under the First, Fourth, Fifth,

---

[5] For clarity, the Court refers to Plaintiff's "causes of action" as "counts."

and Fifteenth Amendments.  (*Id.* at 8–10.)  Beyond these additions, the TAC includes several minor additions to the factual allegations.  (*See id.* ¶¶ 18, 19, 23–25, 27.)

        1.     State Defendants

First, the Court addresses Plaintiff's amendment to the TAC adding Defendants DLWD and DUI.  (SAC ¶ 1.)  As Defendants note, the Court previously found that the State, NJDOL Board of Review, and DCPP are entitled to Eleventh Amendment immunity, and the Court dismissed the claims against the State, NJDOL Board of Review, and DCPP in its March 2023 Opinion and Order.  (MTD Moving Br. at 7–8.)  There is nothing in the TAC that leads the Court to reach a different conclusion as to the Eleventh Amendment immunity protection entitled to the State, NJDOL Board of Review, and DCPP.  Accordingly, the Court need only determine whether the Eleventh Amendment immunity applies to the two new State Defendants in the TAC.

Here, the Court similarly finds DLWD and DUI are entitled to Eleventh Amendment immunity as arms of the State of New Jersey.  To determine whether a suit against a state entity is a suit against the state, the Court considers the following factors: (1) whether the money that would pay the judgment would come from the state, (2) the status of the agency under state law, and (3) the agency's degree of autonomy.  *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989).  Applying those factors here, DLWD and DUI are arms of the state, and the State of New Jersey is clearly the real party in interest.  Pursuant to N.J. Stat. Ann. §§ 34:1A–1, 34:1A–1.2, the Department of Labor is "a principal department of the state's executive branch" and therefore "[a]ny potential judgment entered against the [DLWD] would likely result in the judgment being paid from the state treasury." *Hogg's v. New Jersey*, Civ. No. 07-2972, 2008 WL 5272372, at *8 (D.N.J. Dec. 16, 2008); *see Hogg's v. New Jersey*, 352 F. App'x 625, 628 (3d Cir. 2009) (affirming the district court's finding that DLWD is entitled to Eleventh Amendment

immunity). Further, because DUI is a division within DLWD, it is also entitled to Eleventh Amendment immunity.

Insofar as the Court finds that DLWD and DUI are entitled to Eleventh Amendment immunity, it further finds that it lacks subject matter jurisdiction as to Plaintiff's claims against them. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citation omitted). Accordingly, Plaintiff's claims against DLWD and DUI will be dismissed without prejudice for lack of subject matter jurisdiction. *Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023) ("Eleventh Amendment immunity is a 'threshold, nonmerits issue' that 'does not entail any assumption by the court of substantive law-declaring power" therefore "a dismissal on that basis, like dismissals for lack of jurisdiction, should normally be without prejudice.") (citations omitted).

2.  Individual Defendants

Second, the Court addresses Plaintiff's amendment to the TAC clarifying that Individual Defendants Dusko, Yarbrough, and Futterman are only being sued in their official capacity and that Individual Defendants Morgan and Vargas are being sued in both their official and individual capacities. (TAC ¶ 1.)

a.  *Eleventh Amendment Immunity*

Individual Defendants Dusko, Yarbrough, and Futterman are only sued in their official capacity. Like the State Defendants, Defendants also argue that "individual state employees sued in their official capacities are immune from claims for damages by the Eleventh Amendment." (MTD Moving Br. at 10.) The Court agrees.

It is undisputed that "[i]ndividual state employees sued in their official capacity are . . . entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Here, it is

8

undisputed that Individual Defendants Dusko, Yarbrough, and Futterman are state employees and are only sued in their official capacity. The Court therefore finds that Dusko, Yarbrough, and Futterman are entitled to Eleventh Amendment immunity.

Because the Court finds that Dusko, Yarbrough, and Futterman are entitled to Eleventh Amendment immunity, it further finds that it lacks subject matter jurisdiction as to Plaintiff's claims against them. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citation omitted). Accordingly, Plaintiff's claims against Dusko, Yarbrough, and Futterman will be dismissed without prejudice for lack of subject matter jurisdiction.

                b.       *Qualified Immunity*

Unlike Individual Defendants Dusko, Yarbrough, and Futterman, Individual Defendants Morgan and Vargas are also sued in their individual capacity. Although "a state official sued in [their] individual capacity does not enjoy the protections of the Eleventh Amendment," Defendants argue that Morgan and Vargas are entitled to qualified immunity and that the claims against them must be dismissed. *Csizmadia v. Fauver*, 746 F. Supp. 483, 488 (D.N.J. 1990) (internal citation omitted); MTD Moving Br. at 11–13.

The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Qualified immunity is an affirmative defense and the burden of pleading the defense rests with the defendant. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Accordingly, "[t]o resolve a claim of qualified immunity, courts engage in a two-pronged inquiry: (1) whether the plaintiff sufficiently alleged the violation of a constitutional

[or statutory] right, and (2) whether the right was 'clearly established' at the time of the official's conduct." *L.R. v. Sch. Dist. Of Philadelphia*, 836 F.3d 235 (3d Cir. 2016) (citing *Pearson*, 555 U.S. at 232). The Court has discretion to analyze the two prongs in either order. *Pearson*, 555 U.S. at 236.

Counts I, IV, and V of the TAC claim various violations of several statutes and constitutional rights. (TAC at 8–10.) Beginning with Count I, Count I alleges neglect of duty in violation of the RICO Act and violations of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. (TAC at 8–9.) The Court will first consider whether the TAC adequately alleges a deprivation of Plaintiff's statutory and constitutional rights.[6] Here, Defendants argue that "Plaintiff's allegations against defendants Morgan and Vargas are limited to two paragraphs" and that even if the allegations are true, the alleged conduct does not violate "clearly established constitutional rights." (MTD Moving Br. at 12–13.) Specifically, Plaintiff alleges that Morgan "acted beyond the scope of her duty to harass Plaintiff through a course of conduct that included meetings with Plaintiff's daughter wherein Plaintiff's minor daughter was encouraged to say things that she never said." (TAC ¶ 16.) Regarding Vargas, Plaintiff alleges that Vargas "escalated the harassment of Plaintiff by actually filing 2C Criminal harassment charges against him . . . while not recusing herself from the DCPP case claim." (*Id.* ¶ 17.) Thus, Plaintiff asserts that the "mere filing of a civilian criminal complaint against Plaintiff, a subject of Defendant's investigation, shows that he was being treated differently than the vast majority of other subjects of DCPP complaints." (*Id.*)

Even construing the allegations in Plaintiff's favor, it is unclear how he alleges that either Morgan or Vargas have engaged in conduct that violates any statutory or constitutional right. The

---

[6] Although qualified immunity is typically raised as a defense to constitutional violations, courts have found that qualified immunity also applies to RICO claims. *See, e.g.*, *Kaul v. Christie*, 372 F. Supp. 3d 206, 245 n.38 (D.N.J. 2019) (collecting cases).

10

TAC fails to delineate any Fourth, Fifth, or Fourteenth Amendment violations nor any violation of the RICO Act.  The only reference to any violation of a constitutional or statutory right is Plaintiff's conclusory allegation that "refusal to issue the monetary award was accompanied with harassment and intimidation including the improper initiation of DCPP (DYFS) involvement culminating in the taking of his son *without due process*."  (*Id.* at 8) (emphasis added).  Asserting a broad constitutional right such as "due process" is insufficient to overcome the hurdle of defining the constitutional right that was violated.  *See, e.g.*, *Michaels v. New Jersey*, 50 F. Supp. 2d 353, 363 (D.N.J. 1999).  At best, the TAC alleges conduct that could fall outside the scope of Morgan and Vargas' duties as DCPP caseworkers; such allegations, however, are insufficient to show that a state employee violated a statutory or constitutional right.  *Harlow*, 457 U.S. at 818.  In short, Plaintiff's bare and conclusory allegations as to general violations of several constitutional and statutory rights without providing specific facts to support his claims "should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery."  *Id.* at 817–18.

The Court similarly finds that Individual Defendants Morgan and Vargas are also entitled to qualified immunity against Counts IV and V of the TAC: the § 1983 claim for deprivation of his rights and due process and equal protection violations under the First, Fourth, Fifth, and Fifteenth Amendment, respectively.  The TAC does not sufficiently allege a violation of any constitutional right and makes only bare and conclusory references to "due process" without any supporting facts to show what rights Morgan or Vargas have violated.  For these reasons, the Court finds that Individual Defendants Morgan and Vargas are entitled to qualified immunity as to the Counts I, IV, and V and the amendments in the TAC are insufficient to plead a RICO Act, § 1983, or First, Fourth, Fifth, or Fourteenth Amendment claim.  The Court therefore concludes that Individual Defendants Morgan and Vargas are entitled to qualified immunity.  Accordingly,

Plaintiff's claims against Individual Defendants Morgan and Vargas are dismissed with prejudice. *See Roth v. City of Hermitage*, 709 F. App'x 733 (3d Cir. 2017) (qualified immunity provides dismissal with prejudice); *Klingberg v. Hatcher*, Civ. No. 17-5563, 2019 WL 1724197, at *5 n.6 (D.N.J. Apr. 18, 2019) (same).

### 3. Count III: ADA Claim

As to Count III, Defendants argue that the ADA is "wholly inapplicable to the present matter." (MTA Opp. Br. at 15.) In the March 2023 Opinion, the Court encouraged Plaintiff "to consider including allegations explaining how his claims fall within the scope of the" ADA should Plaintiff file an SAC. *Jentis*, 2023 WL 2570217, at *5 n.5. None of the amendments in the TAC relates to allegations explaining how his claim at all relates to the ADA. Accordingly, the Court finds that Count III should be dismissed.

### 4. Count II: Gross Negligence

Plaintiff's sole remaining claim is Count II for gross negligence under state law. Given that the Court will be dismissing all of the Third Amended Complaint's federal claims, the Court will exercise its discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over Count II.

### 5. Further Amendments to the Complaint

Finally, the Court considers whether it would be appropriate to permit Plaintiff to again amend his Complaint. As set forth above, the Eleventh Amendment presents a jurisdictional bar to several of Plaintiff's claims. The Court therefore finds that further amendment to those claims would be futile. *See Jones v. Delaware Health*, 709 F. App'x 163 (3d Cir. 2018) (affirming district court's finding of futility of amendment in the Eleventh Amendment context). Moreover, the Court has found that qualified immunity attaches and that the TAC was Plaintiff's fourth

unsuccessful attempt to plead a viable cause of action. Accordingly, the Court finds that further amendments would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend (ECF No. 84) will be **GRANTED**. Defendants' Motion to Dismiss (ECF No. 80) will be **GRANTED** and Plaintiff's Third Amended Complaint will be dismissed. Finally, because the Court concludes that further amendments would be futile, the Court will deny leave to further amend the Third Amended Complaint. The Clerk's Office will be instructed to mark this matter CLOSED. An appropriate Order will follow.

Date: **December 28, 2023**

s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**